## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| BITCO NATIONAL INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 2:25-cv-2012-CSB-EIL |
| | ) | |
| COLES CENTRE, L.L.C.; FEUTZ | ) | |
| CONTRACTORS, INC.; TRUST OF DEXTER N. | ) | |
| ASHBROOK; and TOPA FARMS, INC. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

### FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff BITCO National Insurance Company f/k/a Bituminous Fire and Marine Insurance Company ("BITCO National"), pursuant to 28 U.S.C. §2201, *et seq*., by and through its attorneys, BatesCarey LLP, and for its Amended Complaint for Declaratory Judgment against all Defendants, alleges as follows:

### STATEMENT OF THE CASE

1.      This is an action by BITCO National for a declaration that BITCO National has no current obligations to Defendant Coles Centre, L.L.C. ("Coles") in connection with the underlying complaint filed against it by The Trust of Dexter N. Ashbrook ("Trust") and Topa Farms, Inc. ("Topa") (collectively, "the Underlying Plaintiffs") in the Circuit Court of Coles County, Illinois, styled The Trust of Dexter N. Ashbrook et al. v. Coles Centre, LLC, et al., Case No. 2022LA39 (the "Underlying Lawsuit").

## JURISDICTION AND VENUE

2.    BITCO National is an Iowa corporation with its principal place of business in Davenport, Iowa and is authorized to transact business in the State of Illinois.

3.    Defendant Coles is an Illinois limited liability corporation with its principal place of business located at 2201 N. Willenborg Street #2, Effingham, Illinois 62401.

4.    Defendant Feutz Contractors, Inc. ("Feutz") is a Delaware corporation with its principal place of business located at 1102 N Main St, Paris, Illinois 61944.

5.    Defendant Trust is a trust that holds real property in Coles County, Illinois.

6.    Defendant Topa is a Delaware corporation with its principal place of business located at 1620 Broadway Ave, Mattoon, IL 61938.

## VENUE AND JURISDICTION

7.    The Court has jurisdiction of the lawsuit under 28 U.S.C. § 1331, as this action arises under 28 U.S.C. § 1332(a)(1) because the amount in controversy in this action exceeds Seventy-Five Thousand Dollars ($75,000), exclusive of interest, costs and fees, and this action is between citizens of different States.

8.    Venue in this district is proper pursuant to 28 U.S.C. § 1391(b)(2) because the Underlying Lawsuit that is the subject of this action is venued in in this district.

## THE INSURANCE POLICIES

9.    Bituminous Fire and Marine Insurance Company n/k/a BITCO National Insurance Company issued the following Commercial Lines Policies to Feutz ("BITCO National Policies"):

| Policy No. | Policy Period |
|---|---|
| CLP 3 271 592 B | 04/01/2010 to 04/01/2011 |
| CLP 3 550 399 B | 04/01/2011 to 04/01/2012 |

2

| CLP 3 565 904 B | 04/01/2012 to 04/01/2013 |
|---|---|
| CLP 3 585 109 B | 04/01/2013 to 04/01/2014 |
| CLP 3 601 746 B | 04/01/2014 to 04/01/2015 |
| CLP 3 616 994 B | 04/01/2015 to 04/01/2016 |
| CLP 3 635 303 B | 04/01/2016 to 04/01/2017 |
| CLP 3 650 675 B | 04/01/2017 to 04/01/2018 |
| CLP 3 664 396 B | 04/01/2018 to 04/01/2019 |
| CLP 3 679 729 B | 04/01/2019 to 04/01/2020 |
| CLP 3 691 695 B | 04/01/2020 to 04/01/2021 |
| CLP 3 703 937 B | 04/01/2021 to 04/01/2022 |
| CLP 3 715 940 B | 04/01/2022 to 04/01/2023 |

A true and correct copy of the 2022 to 2023 BITCO National policy issued to Feutz is attached hereto as Exhibit A.  The relevant terms and provisions of the earlier policies are identical or substantially the same as the 2022 to 2023 policy as quoted herein.

## BACKGROUND FACTS

10.    On or about October 11, 2022, the Underlying Plaintiffs filed a Complaint against Coles in the Circuit Court of Coles County, Illinois.  Feutz is not named as a defendant in the Underlying Lawsuit.  A copy of the Complaint filed in the Underlying Lawsuit is attached hereto as Exhibit B.

11.    In the Underlying Lawsuit, it is alleged that the Underlying Plaintiffs own farmland in Coles County, Illinois, and that Coles Centre developed a subdivision in that county.

12.     The Underlying Complaint alleges that inadequate stormwater management systems were installed within the subdivision, which has allegedly resulted in an increase in the rate and volume of water flowing onto the farmland owned by the Underlying Plaintiffs.

13.     The Underlying Plaintiffs allege that the increase in water flow has damaged the Underlying Plaintiffs' property.

14.     On information and belief, the alleged damage to the Underlying Plaintiffs' property began in May or June 2020.

15.     Coles is an insured of The Hanover Insurance Company ("Hanover"), and on information and belief, Hanover is providing a defense to Coles in connection with the Underlying Lawsuit.

16.     Coles is insured under a policy issued by Federated Mutual Insurance Company ("Federated") and Federated is providing a defense to Coles in connection with the Underlying Lawsuit.

17.     Coles is insured under a policy issued by The Cincinnati Insurance Company ("Cincinnati") and Cincinnati is providing a defense to Coles in connection with the Underlying Lawsuit.

18.     For the reasons set forth in this Complaint, BITCO National is not obligated to and is not participating in the defense of Coles in the Underlying Lawsuit.

19.     An actual controversy exists between BITCO National and all Defendants regarding whether BITCO National owes any current insurance coverage obligations to Coles in connection with the Underlying Lawsuit.

**COUNT I – DECLARATORY RELIEF – ANY COVERAGE AFFORDED TO COLES IS EXCESS OVER THE HANOVER, FEDERATED AND CINCINNATI COVERAGES AVAILABLE TO COLES**

4

20.     BITCO National repeats and incorporates by reference herein the allegations of Paragraphs 1 through 19 of this Complaint.

21.     With respect to any additional insured coverage for completed operations potentially afforded to Coles under the BITCO National Policies, Form GL-3086-IL (10/19) of the BITCO National Policies states:

> This insurance is excess of all other insurance available to the additional insured, whether primary, excess, contingent or on any other basis, unless the written contract requires this insurance to be primary. In that event, this insurance will be primary relative to insurance policy(s) which designate the additional insured as a Named Insured in the Declarations and we will not require contribution from such insurance if the written contract also requires that this insurance be non-contributory. But with respect to all other insurance under which the additional insured qualifies as an insured or additional insured, this insurance will be excess.

See Ex. A at BITCO 000094.

22.     The BITCO National Policies (via the main coverage form CG 00 01 04 13) contain the following condition as to BITCO National's duty to defend:

**COMMERCIAL GENERAL LIABILITY COVERAGE FORM**

*       *       *

**SECTION IV - COMMERCIAL GENERAL LIABILITY CONDITIONS**

*       *       *

**4.     Other Insurance**

> If other valid and collectible insurance is available to the insured for a loss we cover under Coverages A or **B** of this Coverage Part, our obligations are limited as follows:
>
> *       *       *
>
> **b.**     Excess Insurance
>
> *       *       *
>
> **(2)**     When this insurance is excess, we will have no duty under Coverages **A** or **B** to defend the insured against any "suit" if any

5

other insurer has a duty to defend the insured against that "suit". If no other insurer defends, we will undertake to do so, but we will be entitled to the insured's rights against all those other insurers.

**(3)**   When this insurance is excess over other insurance, we will pay only our share of the amount of the loss, if any, that exceeds the sum of:

**(a)**   The total amount that all such other insurance would pay for the loss in the absence of this insurance; and

**(b)**   The total of all deductible and self-insured amounts under all that other insurance.

\*         \*         \*

See Ex. A at BITCO 000074.

23.   With respect to the subdivision developed by Coles that is the subject of the Underlying Lawsuit, Feutz and Coles did not agree in a written contract or written agreement that Feutz's insurance will provide primary coverage to Coles.  See Ex. C, subcontract between Feutz and Coles.

24.   Feutz and Coles did not agree in a written contract or written agreement that Coles' insurance coverage would be non-contributory with Feutz's insurance.  See Ex. C.

25.   The Hanover Policies issued to Coles are other insurance under which Coles qualifies as an insured.

26.   Coles qualifies as an insured or additional insured under insurance provided by Federated Insurance Company.

27.    Coles qualifies as an insured or additional insured under insurance provided by Cincinnati Insurance Company.

28.   Therefore, the BITCO National Policies are excess of the Hanover Policies, as well as the Federated insurance policy(ies) and the Cincinnati insurance policy(ies) as respects Coles.

6

29. On information and belief, Hanover, Federated and/or Cincinnati are providing a defense to Coles in connection with the Underlying Lawsuit.

30. Accordingly, BITCO National has no current duty to defend or indemnify Coles in connection with the Underlying Lawsuit.

WHEREFORE, Plaintiff BITCO National respectfully requests that this Court enter a judgment:

> (a) declaring that the BITCO National Policies are excess of the Hanover, Federated and Cincinnati Policies, and that, as such, BITCO National has no duty to defend or indemnify Coles with respect to the Underlying Lawsuit under the BITCO National Policies;
>
> (b) awarding BITCO National its attorneys' fees, costs, and disbursements in prosecuting this action; and
>
> (c) awarding all other and further relief as this Court deems just and proper.

## COUNT II – DECLARATORY RELIEF – COLES IS NOT AN INSURED UNDER THE BITCO NATIONAL POLICIES

31. BITCO National repeats and incorporates by reference herein the allegations of Paragraphs 1 through 30 of this Complaint.

32. The BITCO National Policies include the following endorsement relating to additional insured coverage for completed operations via Form GL-3086-IL (01/06):

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

**TRANSPORTATION CONTRACTORS EXTENDED LIABILITY COVERAGE**

This endorsement modifies insurance provided under the following:

\* \* \*

**U. CONTRACTORS AUTOMATIC ADDITIONAL INSURED COVERAGE – COMPLETED OPERATIONS**

**SECTION II – WHO IS AN INSURED** is amended to include as an additional insured any person or organization who is required by written contract to be an additional insured on your policy for completed operations, but only with respect to liability for "bodily injury" or "property damage" caused, in whole or in part, by "your work" at the project designated in the contract, performed for that additional insured and included in the "products-completed operations hazard".

This insurance is excess of all other insurance available to the additional insured, whether primary, excess, contingent or on any other basis, unless the written contract requires this insurance to be primary. In that event, this insurance will be primary relative to insurance policy(s) which designate the additional insured as a Named Insured in the Declarations and we will not require contribution from such insurance if the written contract also requires that this insurance be non-contributory. But with respect to all other insurance under which the additional insured qualifies as an insured or additional insured, this insurance will be excess.

*     *     *

See Ex. A at BITCO 000094.

33.     The requirements of the **CONTRACTORS AUTOMATIC ADDITIONAL INSURED COVERAGE – COMPLETED OPERATIONS,** have not been satisfied with respect to Coles.  For example, the alleged "property damage" in the Underlying Lawsuit was not caused, in whole or in part, by "[Feutz's] work" performed for Coles.

34.     Accordingly, BITCO National has no duty to defend or indemnify Coles in connection with the Underlying Lawsuit.

WHEREFORE, Plaintiff BITCO National respectfully requests that this Court enter a judgment:

(a)     declaring that BITCO National has no obligation to defend or indemnify Coles with respect to the Underlying Lawsuit under the BITCO National Policies;

(b)     awarding BITCO National its attorneys' fees, costs, and disbursements in prosecuting this action; and

(c)     awarding all other and further relief as this Court deems just and proper.

8

## COUNT III – DECLARATORY RELIEF – ONGOING OPERATIONS COVERAGE

35.    BITCO National repeats and incorporates by reference herein the allegations of Paragraphs 1 through 34 of this Complaint.

36.    On information and belief, the damage alleged in the Underlying Lawsuit began in 2020, many years after all of Feutz' work on the subject subdivision had been completed; however, to the extent the damage took place while Feutz' work on the project was ongoing, policy provisions regarding additional insured coverage for ongoing operations may be relevant.

37.    With respect to any additional insured coverage for ongoing operations afforded to Coles under the BITCO National Policies, Form GL-3086-IL (10/19) of the BITCO National Policies also states:

> **B.    CONTRACTORS    AUTOMATIC    ADDITIONAL    INSURED COVERAGE – ONGOING OPERATIONS**
>
> **SECTION II – WHO IS AN INSURED** is amended to include as an additional insured any person or organization who is required by written contract to be an additional insured on your policy, but only with respect to liability for "bodily injury", "property damage" or "personal and advertising injury" caused, in whole or in part, by:
>
> 1. Your acts or omissions; or
>
> 2. The acts or omissions of those acting on your behalf;
>
> in the performance of your ongoing operations for the additional insured(s) at the project(s) designated in the written contract.
>
> *    *    *
>
> This insurance is excess of all other insurance available to the additional insured, whether primary, excess, contingent or on any other basis, unless the written contract requires this insurance to be primary. In that event, this insurance will be primary relative to insurance policy(s) which designate the additional insured as a Named Insured in the Declarations and we will not require contribution from such insurance if the written contract also requires that this insurance be non-contributory. But with respect to all other insurance under which the additional insured qualifies as an insured or additional insured, this insurance will be excess.

See Ex. A at BITCO 000085.

38.     The Hanover Policies issued to Coles are other insurance under which Coles qualifies as an insured.

39.     Coles also qualifies as an insured or additional insured under insurance provided by Federated Insurance Company and/or Cincinnati Insurance Company.

40.     Therefore, the BITCO National Policies are excess of the Hanover Policies, as well as the Federated insurance policy(ies) and the Cincinnati insurance policy(ies) as respects Coles.

41.     On information and belief, Hanover, Federated and/or Cincinnati are providing a defense to Coles in connection with the Underlying Lawsuit.

42.     Accordingly, BITCO National has no current duty to defend or indemnify Coles in connection with the Underlying Lawsuit.

43.     In addition, the requirements of the **CONTRACTORS AUTOMATIC ADDITIONAL INSURED COVERAGE – ONGOING OPERATIONS,** have not been satisfied with respect to Coles.  For example, any "property damage" alleged in the Underlying Lawsuit was not caused in whole or in part by Feutz's acts or omissions or those acting on behalf of Feutz, Feutz was not performing ongoing operations for Coles, and/or the exclusions to additional insured coverage may apply to bar coverage.

44.     Accordingly, BITCO National has no duty to defend or indemnify Coles in connection with the Underlying Lawsuit.

WHEREFORE, Plaintiff BITCO National respectfully requests that this Court enter a judgment:

10

(a)     declaring that BITCO National has no obligation to defend or
         indemnify Coles with respect to the Underlying Lawsuit under the
         BITCO National Policies;

(b)     awarding BITCO National its attorneys' fees, costs, and
         disbursements in prosecuting this action; and

(c)     awarding all other and further relief as this Court deems just and
         proper.

Respectfully submitted,

BITCO NATIONAL INSURANCE COMPANY

By:____/s/ John A. Husmann_____
         One of Its Attorneys

John A. Husmann
ARDC# 6273392
Bonny S. Garcha
ARDC# 6270902
BatesCarey LLP
191 N. Wacker Drive
Suite 2400
Chicago, IL   60606
Telephone: (312) 762-3100
Facsimile:  (312) 762-3200

8652209

11